# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                              Case No. 08-CR-231

JOEL J. ESTRADA, FELIPE M. MARTINEZ,
RUBEN CERVERA, DAVID R. MEDINA,
AIDA L. CUCUTA, TONY N. ORTIZ,
and JUAN J. ALMENDAREZ,

        Defendants.

_____

# ORDER

This matter comes before the court on the government's motion, filed on April 11, 2011 (Docket #142) for redetermination of the speedy trial deadlines for each of the defendants named above as earlier addressed in orders entered on April 8, 2011 (Docket #141), and April 13, 2011 (Docket #146), respectively. The issue of calculating the defendants' speedy trial deadlines has, perhaps for all parties involved – including the court, proven to be a challenging exercise in the proper application of several competing provisions of the Speedy Trial Act ("STA" or "the Act") to the ever-evolving facts of a multi-defendant case. Nevertheless, the court's expectation is that this exercise, and the dialogue it has triggered, will serve as a blueprint for not only the Act's accurate application in the future but also as a reminder of the Act's significance and the rights it seeks to protect.

## DISCUSSION

**I.    The Speedy Trial Act:  An Overview**

The STA provides that a defendant must go to trial within seventy days of either the issuance of an indictment or the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within that seventy-day period, the indictment against the defendant must be dismissed upon the defendant's motion. § 3162(a)(2). Dismissal may be with or without prejudice. § 3162(a)(1).  However, the STA provides for certain periods of time to be excluded from the seventy-day clock. *See* § 3161(h)(1)-(8). In particular, the STA requires that certain periods of time "shall be excluded . . . in computing the time within which the trial of such offense must commence."  This includes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . " and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." §§ 3161(h)(1)(D), (H).

The excludability of delay "resulting from . . . proceedings" under subsection (h)(1) is automatic, meaning the district court must exclude such delay from an STA calculation "without any further analysis as to whether the benefit of the delay outweighs its cost." *Bloate v. United States*, 130 S.Ct. 1345, 1349 n. 1 (2010).  On

the other hand, some exclusions require judicial action, such as the exclusion under § 3161(h)(7)(A). This section permits a court to exclude time that results from "a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of an attorney for the Government," if the judge's decision to grant the continuance was based on "his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).[1] The STA provides a non-exhaustive list of criteria upon which an ends-of-justice continuance may be granted, § 3161(h)(7)(B), and for time to be excludable under this provision, the court must undertake a timely consideration of the reasons for the continuance. *United States v. Napadow*, 596 F.3d 398, 404-05 (7th Cir. 2010).

Another provision of the STA relevant to the court's discussion is § 3161(h)(6), allowing an exclusion for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." It is not entirely clear whether the excludability of delay under this provision is automatic. In *United States v. Montoya*, the Seventh Circuit stated that "the legislative history of the Speedy Trial Act makes it clear that Congress intended the exclusions of section 3161(h)(1) to operate automatically." 827 F.2d 143, 151 (7th Cir. 1987). The Supreme Court confirmed this holding in *Bloate*. 130 S.Ct. 1345, 1349 n. 1. However, the court has found no

---

[1] This section was previously designated 18 U.S.C. § 3161(h)(8) but was redesignated as 18 U.S.C. § 3161(h)(7) by the Judicial Administration and Technical Amendments Act of 2008, Pub.L. No. 110-406, 122 Stat. 4291, 4294.

specific authority within the Seventh Circuit extending the automatic excludability of § 3161(h)(1) to § 3161(h)(6). Indeed, the requirement that the delay be reasonable seems to require at least some case-specific factual analysis. Keeping in mind that § 3161(h)(6) used to be designated § 3161(h)(7), other circuits have found that Congress intended the exclusion of § 3161(h)(6) to operate automatically. For example, in *United States v. Novak*, 715 F.2d 810, 813 (3d Cir. 1983), the Third Circuit found that "Congress intended the exclusions under section 3161(h)(1)-(7) to operate without requiring a factual determination of causation." At the same time, the *Novak* court decided to read into § 3161(h)(1)(F) – dealing with pretrial motions and now designated § 3161(h)(1)(D) – the requirement that a delay under this provision be reasonably necessary. This aspect of the decision was later abrogated by the Supreme Court in *Henderson v. United States*, 476 U.S. 321, 330 (1986), which held "Congress intended [the pretrial motion provision] to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" The rationale of *Henderson* was that statutory provisions of the Speedy Trial Act that provide for the exclusion of time embody a reasonableness standard only when Congress has explicitly required that the period of delay be reasonable. *Id.* The rationale of *Henderson* makes clear that a reasonableness standard is embodied in what is now § 3161(h)(6). Yet, less clear is whether that exclusion is triggered automatically, with reasonableness only to be

determined upon an objection by a party or the court, or whether the reasonableness requirement mandates a factual determination prior to exclusion.

Like the Third Circuit, the Eleventh Circuit has found that "each period listed in Section 3161(h) automatically is a period of delay." *United States v. Stafford,* 697 F.2d 1368, 1371 (11th Cir. 1983). The *Stafford* court found the statute's unequivocal language stating "[t]he following periods of delay *shall* be excluded . . . ." was a clear indication that all periods governed by § 3161(h) were automatically excludable. *Id.* In light of the plain language of § 3161(h)(6), requiring that a delay under this subsection be reasonable, this court concludes that at least some specific finding of reasonableness is mandated, otherwise the reasonableness requirement risks nullification. With these provisions in mind, the court will now consider the government's motion.

## II.    When Does the Speedy Trial Act Clock Begin to Tick in Multi-Defendant Cases?

First, the government argues that the court made a fundamental error in disregarding what the government casts as a finite rule: that is, in multi-defendant cases, the Speedy Trial Act clock – for all defendants – does not begin to run until the last defendant appears. (Gov't Mem. at 3-4). While the Supreme Court has acknowledged such a rule, the Court premised this principle on § 3161(h)(6).[2] *See Henderson v. United States,* 476 U.S. 321, 323 n. 2 (1986). As previously noted, the plain language of this provision makes excludable: "a *reasonable* period of delay

---

[2]This section was previously designated as § 3161(h)(7).

when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6) (emphasis added). Pursuant to this section, the Seventh Circuit has found that "excludable delay of one defendant may be ascribed to an unsevered codefendant provided that the delay is reasonable." *United States v. Piasecki*, 969 F.2d 494, 499 (7th Cir. 1992) (citing *United States v. Dennis*, 737 F.2d 617, 620-21 (7th Cir. 1984)); *see also United States v. Rollins*, 544 F.3d 820, 829 (7th Cir. 2008). That said, the legislative history of § 3161(h)(6) makes clear that "delays resulting from the joinder of codefendants be liberally excluded" in deference to the strong congressional preference for joint trials. *United States v. Dennis,* 737 F.2d 617, 621 (7th Cir. 1984) (quoting *United States v. Novak*, 715 F.2d 810, 814 (3d Cir. 1983) (citing S.Rep. No. 1021, 93d Cong., 1st Sess. 38 (1974))).

Therefore, simply because the last defendant, Ortiz, was arraigned on January 6, 2011, does not mean Ortiz's co-defendants were unequivocally entitled to an exclusion of the time in between their arraignments and Ortiz's arraignment. To the contrary, the delay in between arraignments would be eligible for exclusion under § 3161(h)(6) *provided* it was reasonable.[3] The question of whether a delay was reasonable depends on the facts of the case. *United States v. Dennis*, 737 F.2d 617, 621 (7th Cir. 1984). In its response, the government makes a case for the reasonableness of the nine-month delay between arraignments, though it does not

---

[3] The same holds true for exclusions resulting from a co-defendant's filing of a pretrial motion pursuant to § 3161(h)(1)(D).

expressly label it as such. Specifically, the government argues that the case does not involve additional defendants added years later, that Ortiz was charged at the same time and in the same indictment as all of the other defendants, that he was arraigned while pretrial motions were under advisement, and that he was arraigned before any time had run on his co-defendant's STA clock. (Gov't Mem. at 4-5). For their part, the defendants have not offered any analysis of why the delay in arraigning Ortiz should be deemed unreasonable on the facts of the case, other than requesting that the court adhere to the deadlines it set forth in its April 8, 2010 Order. By failing to develop an argument in any meaningful way, the defendants appear to have waived it. *E.g., Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010).

However, because the Speedy Trial Act belongs not only to the defendant, but to society as well, the court remains obliged to consider whether the delay was reasonable and, in turn, whether it ought to be excluded from the co-defendants' speedy trial calculation. *See Zedner v. United States*, 547 U.S. 489, 502 (2006) (holding that parties cannot stipulate to a waiver of the time requirements of the Speedy Trial Act as "[a]llowing prospective waivers would seriously undermine the Act because there are many cases . . . in which the prosecution, the defense, and the court would all be happy to opt out of the Act, to the detriment of the public interest"). In determining whether the delay was reasonable, the court finds it important to inquire into why the delay in Ortiz's appearance occurred, something neither the government nor the defendants have attempted to explain. Here, it appears that prior to Ortiz's arrest on June 10, 2010, in Laredo, Texas, he was a

fugitive. (Docket #112). His fugitive status contributed to approximately two months of delay. The remainder of the delay in Ortiz's initial appearance in this district can be attributed to a commitment order entered by the United States District Court for the Southern District of Texas, Laredo Division, ordering that Ortiz remain in Laredo pending the outcome of criminal charges then pending against him in that district. (Docket #112). The order provided that at the close of the Laredo case, Ortiz would be transported to the Eastern District of Wisconsin. (*Id.*). These facts are somewhat similar to those in *Dennis* in which two defendants were indicted together, but one was not available for arraignment until proceedings in another district had concluded. *Dennis*, 737 F.2d 617. In that case, the court found the delay was reasonable. *Id.* On the other hand, this case departs from *Dennis* in that Ortiz filed a motion for severance and he was a fugitive for at least part of the delay. However, on balance, given the totality of the facts and circumstances of this case, the court finds that the delay in arraigning defendant Ortiz was reasonable. Therefore, his co-defendants are entitled to an exclusion of the period of delay in between their arraignments and Ortiz's arraignment. Moreover, after Ortiz was arraigned on January 6, 2011, the STA clock for his co-defendants was tolled due to the pendency of defendant Medina's suppression motion as well as the magistrate's ends of justice continuance.

### III.    The Issue of Severance: How Does Ortiz's Severance Effect All Defendants' Speedy Trial Act Deadlines?

On March 17, 2011, the magistrate granted Ortiz's severance motion.  On April 8, 2010, this court affirmed the magistrate's order.  The issue before the court is how Ortiz's severance impacted not only his speedy trial deadline but also the deadlines of his former co-defendants. First, the court agrees with the government that the magistrate's ends of justice order applied to Ortiz through the date of severance. *See United States v. Piasecki*, 969 F.2d 494, 501 (7th Cir. 1992). Therefore, Ortiz's speedy trial clock did not begin to run the day after his arraignment because the time was tolled pursuant to the magistrate's order granting a continuance for any period of delay resulting from pretrial preparation and resolution of motions.[4]

Furthermore, once Ortiz's motion to sever was granted, it is not necessarily true that the ends of justice order ceased to apply to Ortiz as the Seventh Circuit held in *United States v. Vega* that the changed circumstances of severance and sequential trials did not retroactively invalidate an ends of justice continuance order. 860 F.2d 779, 787 (7th Cir. 1988).  However, once Ortiz's motion to sever was granted, moving forward, Ortiz's co-defendants were no longer entitled to the exclusion under § 3161(h)(6) which allows co-defendants to capture reasonable periods of delay attributable to another co-defendant.  *See* § 3161(h)(6) ("A

---

[4]He was also entitled to an exclusion for the delay caused by co-defendant Medina's suppression motion, which was under advisement by the magistrate at that time.

reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and *no motion for severance has been granted.*") (emphasis added). In this court's opinion, as will be discussed in further detail below, Ortiz's motion to sever was granted on March 17, 2011, when the magistrate ruled on the motion. Thus, as of March 18, 2011, Ortiz's co-defendants were no longer entitled to Ortiz's excludable delay. Since no other motions were filed or under advisement as to the defendants arraigned on April 14, 2010 and May 14, 2010, and no other exclusions appear to apply, the speedy trial clock began to run for these defendants on March 19, 2011, and continued until April 11, 2011, when the government filed the current motion.

## IV.    The Timing of Continuances and Ends of Justice Findings

The ends of justice provision of the STA excludes "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Seventh Circuit has held that a district court is not required to make the ends of justice findings contemporaneously with a continuance order. *United States v. Larson*, 417 F.3d 741 (7th Cir. 2005) (citing *United States v. Jean*, 25 F.3d 588, 595 (7th Cir. 1994)). In *Larson*, the Seventh Circuit clarified that "the better practice is for the court to make the required findings at least prior to a defendant's motion to dismiss the indictment for a violation of the Act." *Id.* The Supreme Court, on the other hand, noted that "the best practice, of course, is for a district court to put its

finding on the record at or near the time when it grants the continuance." *Zedner v. United States*, 547 U.S. 489, 506 n. 7 (2006).

In any event, although a judge may enter the requisite ends of justice findings after granting a continuance, he must consider the matter before the period sought to be excluded begins to run*. United States v. Janik*, 723 F.2d 537, 545 (7th Cir, 1983); *United States v. Tanner*, 941 F.2d 574, 583 (7th Cir. 1991); *United States v. Brooks,* 697 F.2d 517, 522 (3d Cir. 1982) ("a judge could not grant an 'ends of justice' continuance *nunc pro tunc*, providing after the fact justification for unauthorized delays. Rather, . . . the district judge must consider the matter at the outset and determine whether the 'ends of justice' require that the trial be postponed."). The STA does not provide for retroactive continuances. *Janik*, 723 F.2d at 545 (citing *United States v. Carlone,* 666 F.2d 1112 (7th Cir. 1981)).

In this case, a scheduling conference was held before Magistrate Judge Patricia J. Gorence on June 8, 2010. The minute entry for this conference reflects that the court designated the case complex pursuant to 18 U.S.C. §3161(h)(7)(A). (Docket #64).[5] However, it was not until June 10, 2010, when the court entered a scheduling order, that the court formally granted a continuance pursuant to § 3161(h)(7)(A) and made the required ends of justice findings. (Sched. Order at 3) (Docket #63). On the other hand, the scheduling order implies that a continuance was previously granted by stating "a further continuance of the time limits of

---

[5]The minute entries for the five defendants arraigned on April 14, 2010, and the one defendant arraigned on May 14, 2010, indicate the case was designated complex at that time as well. (Docket #'s 17, 19).

18 U.S.C. § 3161 is necessary . . . ." (*Id.*). Yet, this court has been unable to locate any other evidence of such action in the record.

An argument could be made that the designation of the case as complex at the arraignments of the defendants on April 14, 2010 and May 14, 2010, is evidence of the court's consideration of whether a delay was justified under § 3161(h)(7)(A) as well as further evidence that a continuance was granted. After all, when a court makes its findings, the STA does not require the court "to cite . . . sections [of the Act] or to track the statutory language in a lengthy legal opinion," but rather to make findings "sufficiently specific to justify a continuance[ ] and comport with the purposes of the Act." *United States v. Jean*, 25 F.3d 588, 594 (7th Cir. 1994) (internal quotation marks and citations omitted). Thus, while it is possible that the designation of the case as complex at the arraignments was meant to serve as a continuance order and an ends of justice finding, the court concludes that the better practice moving forward is to require an express grant of a continuance, rather than relying on a court to later imply an ends of justice continuance order based on the circumstances of the case. To proceed otherwise would confuse validly granted continuances which are later substantiated during the speedy trial time period with retroactive continuances forbidden under the Act. Indeed, it seems necessary to again note, that the mere designation of a case as complex, without more, does not toll the time under § 3161(h)(7)(A). The plain language of the statute makes this clear. Accordingly, because it is unclear whether a continuance was granted before June 10, 2010, or whether the court considered if the ends of justice warranted a

delay under the Speedy Trial Act prior to June 10, 2010, it appears that any delay prior to June 10, 2010, ought not be excludable pursuant to § 3161(h)(7)(A).[6]

## V.    The Scope of the Ends of Justice Finding

The magistrate's continuance and ends of justice order specifically provided:

> [B]ased on the volume of discovery, which now includes over 1,375 pages of written discovery, plus multiple wire tap records and voluminous audio recordings, a further continuance . . . is necessary for counsel for the defendants and for the government to have the reasonable time necessary for effective preparation of this case, taking into account the exercise of due diligence. Accordingly, the court concludes that the ends of justice served by granting a further continuance of the speedy trial deadlines outweigh the best interests of the public and the defendants in a speedy trial. Such finding is made pursuant to 18 U.S.C. § 3161(h)(8)(A) [sic] and any period of delay resulting from pretrial preparation and resolution of motions is deemed excludable. Therefore, this case be and hereby is designated as complex pursuant to 18 U.S.C. § 3161(h)(8)(A) [sic].

(Sched. Order at 3-4) (Docket #63).  As such, the contours of the magistrate's continuance order are broad, excluding *any period of delay* resulting from pretrial preparation and resolution of motions.  The exclusion for "resolution of motions" is somewhat superfluous, as §§ 3161(h)(1)(D) and (H) automatically exclude delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *Id.*[7]

_____

[6]Contrary to the government's stance, the court finds this issue highly relevant, if not to the speedy trial deadlines at hand, then to future application of the Speedy Trial Act.

[7]This justification for the continuance does, however, work to exclude any period beyond the 30 excludable days allowed for advisement by the court pursuant to § 3161(h)(1)(H).

On the other hand, in light of the Supreme Court's recent holding in *Bloate v. United States*, the magistrate's exclusion for "pretrial preparation" is significant because time granted to a party to prepare pretrial motions is not automatically excludable. 130 S.Ct. at 1352. Instead, such time may be excluded only if a court complies with the STA's requirement of making case-specific findings that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. *Id*; 18 U.S.C. § 3161(h)(7)(A). Two of the statutory factors justifying an exclusion under subsection (h)(7) relate to pretrial preparation. *See* § 3161(h)(7)(B)(ii) (requiring the court to consider whether the "unusual" or "complex" nature of a case makes it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits"); § 3161(h)(7)(B)(iv) (requiring the court to consider in other cases "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." The magistrate's continuance and ends of justice order jumbles the two factors together – designating the case complex but using the language from § 3161(h)(7)(B)(iv) as the justification for granting a continuance. Nevertheless, the magistrate articulated adequate reasons for the decision to grant the continuance, including the complexity of the case and the necessity to allow counsel adequate preparation. These were proper reasons for granting the continuance, and they meet the requirements of § 3161.

Yet, what is unclear from the continuance order is the precise scope of the continuance. Specifically, does the continuance apply only to the preparation of pretrial motions? Or does the continuance apply to all delays leading up to trial? On the one hand, the magistrate's incorporation of "resolution of motions" immediately subsequent to "pretrial preparation" suggests the continuance was only to apply to preparation of pretrial motions. The government appears to subscribe to this interpretation as it argued in its April 20, 2011 submission to the court that the STA clock for all defendants did not begin to run until April 9, 2011, the day after this court affirmed the magistrate's order granting Ortiz's motion to sever, rather than maintaining that the continuance applied up until trial. (Speedy Trial Mem. at 11) (Docket #147).

On the other hand, if the court simply considers the "pretrial preparation" language standing alone, it appears that the continuance was to apply to all periods of pretrial delay. Indeed, the principal reason for the court's decision to grant the continuance was to allow each defendant and his or her counsel adequate time to prepare for trial, not just for pretrial motions, in the face of the voluminous and intensive discovery record. However, because it appears all parties understood the continuance to apply only to preparation of pretrial motions (and resolution of motions), the court is constrained to adopt this interpretation as well. Accordingly, if any party desires a further continuance, aside from one caused by the preparation of a pretrial motion or the resolution of that motion, it must seek further relief from the court.

**VI.    The Effect of the Magistrate Judge's Granting of Ortiz's Motion to Sever**

On March 4, 2011, Ortiz filed his motion to sever. (Docket #131). Ortiz's motion to sever automatically tolled the STA clock for himself pursuant to § 3161(h)(1)(D). So long as the delay was reasonable, the filing of the severance motion also tolled the speedy trial clocks of his co-defendants under § 3161(h)(6). On March 17, 2011, Magistrate Judge Gorence granted Ortiz's motion to sever. (Docket #139).  The United States filed an objection with the district court on March 31, 2011. (Docket #140).  This court affirmed the magistrate's severance decision on April 8, 2011. (Docket #141). In its April 13, 2011 order, the court explained that the STA deadlines cited in its April 8, 2011 order did not exclude the time period that the severance motion was under advisement in the district court, but simply the time the severance motion was under advisement by the magistrate judge. (Docket #146 at 3 n.3). At the same time, the court noted that there was some question as to whether this method of calculation was proper, citing the lack of guidance regarding how to treat time spent reviewing a magistrate's ruling on a non-dispositive motion. (*Id.*).

The government takes issue with the court's method of calculation in this regard.  First, the government argues the section of the STA applicable here is § 3161(h)(1)(D) which provides for an automatic exclusion for "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  The government suggests that because this provision does not make a distinction between dispositive and non-dispositive

motions, but rather refers to any pretrial motion, a motion to sever – which is a non-dispositive motion – should not be treated any differently under § 3161(h)(1)(D) than a dispositive motion. While the government is correct that § 3161(h)(1)(D) makes no distinction between pretrial motions, the critical issue here is not whether a severance motion is a pretrial motion, but rather what constitutes the "disposition" of a non-dispositive motion – such as a motion to sever – for purposes of § 3161(h)(1)(D)'s automatic exclusion. In this court's opinion, this question hinges on whether a magistrate's order on a non-dispositive motion is the ultimate disposition of the pretrial motion.

A magistrate has the authority to "hear and determine" any non-dispositive pretrial matter, excluding those motions excepted under 28 U.S.C. § 636(b)(1)(A). The district court may "reconsider" these pretrial matters "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law" by way of filed objections. 28 U.S.C. § 636(b)(1)(A). On the other hand, a magistrate only has the authority to conduct hearings and to submit to the district court recommendations for the disposition of any dispositive motion excepted in § 636(b)(1)(A). As such, a magistrate's recommendation is not final, whereas a magistrate's order on a non-dispositive motion is final absent the filing of an objection. Thus, the court's comments in its April 13, 2011 order questioned whether the disparity in the level of authority granted to a magistrate with regard to resolution of non-dispositive and dispositive motions affects when a pretrial motion is considered disposed of for purposes of § 3161(h)(1)(D). The court also finds this inquiry relevant to deciding

when Ortiz's motion to sever was actually granted, such that his co-defendants were no longer able to exclude delay attributable to Ortiz under § 3161(h)(6).

As for the latter question, the court finds that the magistrate's March 17, 2011 order effectively granted the motion to sever because, unlike a recommendation, the adjudication of a non-dispositive motion does not require district court action unless an objection is filed. Accordingly, as of March 18, 2011, Ortiz's co-defendants were not able to capture any further excludable delay attributable to Ortiz. As for the former question, regarding when disposition occurred for purposes of § 3161(h)(1)(D), it would follow that the motion was disposed of on March 17, 2011, even in spite of the district court's later reconsideration of the motion, though admittedly, the court certainly appreciates that an argument may be made to the contrary. Yet, in any event, the answer becomes less relevant in light of § 3161(h)(1)(H)'s automatic exclusion of any period, not to exceed thirty days, "during which any proceeding concerning the defendant is actually under advisement by the court." Specifically, once the government filed its objection to the magistrate's severance order, the matter was again under advisement by the district court pursuant to § 3161(h)(1)(H), and, therefore, the period in between the March 31, 2011 objection and this court's April 8, 2011 order affirming the magistrate's granting of the severance motion was automatically excludable as to defendant Ortiz only.[8]

---

[8]The government notes that technically Ortiz's motion to sever was under advisement by the magistrate and the district court for more than the thirty days permitted by § 3161(h)(1)(H). If this be the case, however, the court finds the magistrate's continuance order, excluding any delay resulting from resolution of motions, likely covers the extra days during which the motion was under advisement.

Furthermore, it would appear that the period in between the magistrate's decision and the government's objection should also be deemed excludable pursuant to the magistrate's continuance order excluding all delays attributable to pretrial preparation.

## VII.    Computation of the Speedy Trial Act Deadlines

Before computing the defendants' respective STA deadlines, the court notes that several exclusions under the Act overlap. In the interest of completeness, the court will outline each of the relevant exclusions.

### A.    Defendants Arraigned on April 14, 2010 (Medina, Martinez, Cervera, Cucuta, and Almandarez) and May 14, 2010 (Estrada)

For these defendants, the Speedy Trial Act clock began to run on April 14, 2010, when they were arraigned, and ran for 49 days,[9] or until June 10, 2010, when the magistrate formally granted a continuance and made the requisite ends of justice findings pursuant to § 3161(h)(7)(A), excluding all delay resulting from pretrial preparation and resolution of motions.[10] As the court earlier noted, these defendants were not entitled to the tolling of time between their arraignments and the court's June 10, 2010 order because the STA does not allow for retroactive continuances,

---

[9]The government filed a motion for protective order and a motion to seal on May 5, 2010, both of which were granted the same day. Thus, the court has accounted for one day of excludable time in the calculation. Moreover, counsel for defendant Joel Estrada filed a motion to withdraw as attorney on May 27, 2010, and an order granting that motion was entered on June 1, 2010. Thus, the clock stopped for six days.

[10]Defendant Estrada was arraigned on May 14, 2010, and, therefore, his Speedy Trial Act clock began to run as of that date, until the magistrate's ends of justice continuance on June 10, 2010. In all other respects, the calculation of Estrada's Speedy Trial Act deadline is in line with the defendants arraigned on April 14, 2010.

only retroactive ends of justice findings, and this court has been unable to find any solid evidence of a validly granted continuance prior to the one granted on June 10, 2010. The next important occurrence, for purposes of the STA, was the filing of defendant Medina's suppression motion on September 2, 2010. (Docket #84). Pursuant to §§ 3161(h)(1)(D) and (H), the time from the filing of that motion to this court's adoption of the magistrate's report and recommendation on March 11, 2011, is automatically excludable.[11] It should also be noted that these exclusions overlap with the ends of justice exclusion under § 3161(h)(7)(A), pursuant to the magistrate's scheduling order. Furthermore, as the court has continually stressed throughout this order, under § 3161(h)(6), Medina's co-defendants are only entitled to the pretrial motion exclusion of § 3161(h)(1)(D) if the delay caused by his suppression motion was reasonable. As the court finds nothing unreasonable about the delay, the co-defendants are entitled to the exclusion. In the meantime, Ortiz was arraigned on January 6, 2011. As previously discussed above, because Ortiz was the last defendant to appear and the delay between the other defendants' arraignments and Ortiz's arraignment was reasonable, Ortiz's co-defendants were entitled to an exclusion of all the time in between their arraignments and Ortiz's arraignment.

---

[11]Technically, Medina's suppression motion was under advisement by the magistrate and this court for more than thirty days – from December 23, 2010, the day after the motion was fully briefed until March 11, 2011, when this court adopted the magistrate's recommendation. In *United States v. Thomas*, the Seventh Circuit suggested that the magistrate and the district court should share the thirty-day excludable time under § 3161(h)(1)(H). 788 F.2d 1250. Yet, because the ends of justice continuance applied to any period of delay resulting from resolution of motions, these additional days should also be deemed excludable.

Therefore, as of January 6, 2011, no time had run on any of the defendants' Speedy Trial Act clocks.

On March 12, 2011, after this court adopted the magistrate's report and recommendation on Medina's motion to suppress, the clock might have begun to tick for these defendants had it not been for the filing of Ortiz's motion to sever on March 4, 2011. (Docket #131). The filing of the motion automatically tolled the time for these defendants pursuant to § 3161(h)(1)(D), via § 3161(h)(6). At the same time, the magistrate's ends of justice continuance remained in place and, therefore, the time was also excludable pursuant to that order. As the court earlier discussed, there is some question as to when the final disposition of the severance motion occurred. If the motion is deemed granted (and disposed of) as of March 17, 2011, when the magistrate granted severance, as this court finds it should be, then the clock for these defendants would have started on March 18, 2011, and would have continued to run until April 11, 2011, when the government filed the present motion, a total of 24 days.[12] *See* § 3161(h)(6) (allowing the excludable delay of one defendant to be ascribed to a co-defendant provided the delay is reasonable and *a motion for severance has not been granted*). Accordingly, from the date of this order, the defendants will have 48 days remaining on their 70-day speedy trial clock.

---

[12]It appears that the time between the court's April 8, 2011 order and the government's April 11, 2011 motion should be excludable as to these defendants as it could fall under the Magistrate's continuance for a delay resulting from pretrial preparation. Accordingly, the court will exclude two more days from the defendants' 70-day clock.

## B.    Defendant Ortiz

As the court has found that the magistrate's pre-severance ends of justice continuance applied to Ortiz, as well as the fact that the delay caused by defendant Medina's suppression motion was reasonable, Ortiz's STA clock did not begin to run on January 6, 2011, when he was arraigned in this district. *See* §§ 3161(h)(6), (7)(A); *see also United States v. Vega,* 860 F.2d 779. Moreover, when Ortiz filed his motion to sever on March 4, 2011 (as well as two motions for extension of time) he was not only entitled to an exclusion under the magistrate's continuance order, and Medina's suppression order – via § 3161(h)(6), but also to his own personal exclusion under § 3161(h)(1)(D) for the filing of a pretrial motion. On March 17, 2011, the magistrate granted the severance motion.   As noted above, if the severance motion is deemed granted and disposed of as of March 17, 2011, then the clock for Ortiz may have begun to run on March 18, 2011. However, the government then filed its objection to the magistrate's order on March 31, 2011. Thus, the period between the magistrate's order and the objection is excludable pursuant to the magistrate's continuance order excluding all delays resulting from pretrial preparation. Furthermore, § 3161(h)(1)(H)'s exclusion began to apply once the objection was filed because the district court's reconsideration of the magistrate's order granting severance could be construed as a "proceeding concerning the defendant," which became under advisement upon the filing of the objection. Accordingly, all of the time from the magistrate's March 17, 2011 determination to the district court's April 8, 2011 order affirming the magistrate's decision would be

excludable as to Ortiz. Thus, the clock may have begun to run for the first time on April 9, 2011, only to be stopped again on April 11, 2011, the filing of the current motion – a total of 2 days.[13] Therefore, at most, Ortiz's speedy trial clock has only run for 2 days. Accordingly, Ortiz's speedy trial deadline will be 68 days from the date of this order.

With the benefit of the foregoing speedy trial deadlines, the defendants' cases will be scheduled for trial in accordance with scheduling orders which follow.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to correct the record regarding speedy trial deadlines (Docket #142) be and the same is hereby **GRANTED**; the speedy trial deadline for defendants Medina, Martinez, Cervera, Cucuta, Almandarez, and Estrada shall be 48 days from the date of this order; the speedy trial deadline for defendant Ortiz shall be 68 days from the date of this order.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[13]It would appear that even this time in between the April 8, 2011 order and the government's April 11, 2011 motion is excludable as to all defendants as it could fall under the magistrate's continuance for a delay resulting from pretrial preparation.